FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2009 AUG 10 PM 2:33

CLERK, U.S. DISTRICT COURT
OCALA, FLORIDA

| | |
|---|---|
| NICHOLAS A. CALLAHAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TAYLOR BEAN & WHITAKER MORTGAGE CORP.,<br><br>Defendant. | CLASS ACTION COMPLAINT<br><br>Case No. 5:09-cv-346-Oc-25GRJ |

Plaintiff Nicholas A. Callahan ("Plaintiff") alleges on his own behalf and the class of those similarly situated as follows:

## NATURE OF THE ACTION

1. The Plaintiff brings this action on behalf of himself, and the other similarly situated former employees who worked for Defendant and who were terminated without cause, as part of, or as the result of, mass layoffs or plant closings ordered by Defendant on or about August 5, 2009 and within thirty (30) days of that date, and who were not provided 60 days advance written notice of their terminations by Defendant, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 et. seq.

2. Plaintiff and all similarly situated employees seek to recover 60 days wages and benefits, pursuant to 29 U.S.C. § 2104, from Defendant. Defendant is liable under the WARN Act for Defendant's failure to provide Plaintiff and the other similarly situated former employees at least 60 days' advance written notice of termination, as required by the WARN Act.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 2104(a)(5).

4. The Plaintiff resides in this district.

5. Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

### *Plaintiff*

6. Plaintiff, Nicholas A. Callahan resides in the County of Duval, Florida.

7. Plaintiff Callahan was employed by Defendant, and worked at the Defendant's facility located at 315 NE 14th Street, Ocala, Florida (the "Ocala Facility") until his termination on or about August 5, 2009.

### *Defendant*

8. Upon information and belief at all relevant times, Defendant, maintained and operated its business at the Ocala Facility and maintained and operated additional facilities including Lawrenceville, Georgia and Cincinnati, Ohio, as that term is defined by the WARN Act throughout the United States (collectively the "Facilities").

9. Upon information and belief and at all relevant times, Defendant Taylor Bean & Whitaker Mortgage Corp., is a Florida company with its principal place of business located at 315 NE 14th Street, Ocala, Florida and conducted business in this district.

10. Until on or about August 5, 2009, the Plaintiff and all similarly situated employees were employed by Defendant and worked at or reported to one of its Facilities.

11. Upon information and belief and at all relevant times, Defendant, owned and operated the Ocala, Florida, Lawrenceville, Georgia and Cincinnati, Ohio Facilities and additional facilities throughout.

12. Until August 5, 2009, the Plaintiff and the other similarly situated former employees were employed by Defendant and worked at or reported to one of the Facilities.

13. Upon information and belief, the Defendant made the decision to terminate the employees.

## CLASS ALLEGATIONS, 29 U.S.C. § 2104

14. Plaintiff brings this action on his own behalf and on behalf of all other similarly situated former employees of Defendant who worked at or reported to one of the Facilities and were terminated without cause on or about August 5, 2009 and within 30 days of that date, or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendant on that date, pursuant to 29 U.S.C. § 2104(a)(5).

15. At or about the time of the aforementioned terminations, Defendant terminated approximately 2100 other similarly situated employees at the Facilities (the "other similarly situated former employees").

16. Pursuant to 29 U.S.C. § 2104(a)(5), the Plaintiff maintains this action on behalf of himself and on behalf of each of the other similarly situated former employees.

17. Each of the other similarly situated former employees is similarly situated to the Plaintiff in respect to his or her rights under the WARN Act.

18. The Plaintiff and the other similarly situated former employees are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

19. Defendant was required by the WARN Act to give the Plaintiff and the other similarly situated former employees at least 60 days advance written notice of their respective terminations.

20. Prior to their termination, neither the Plaintiff nor the other similarly situated former employees received written notice that complied with the requirements of the WARN Act.

21. Defendant failed to pay the Plaintiff and the other similarly situated former employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) calendar days following their respective terminations and failed to make 401(k) contributions and provide them with health insurance coverage and other employee benefits under ERISA for 60 calendar days from and after the dates of their respective terminations.

## CLASS ALLEGATIONS, F.R.C.P. 23

22. Plaintiff sues under the Federal Rules of Civil Procedure, 23(a) and (b), on behalf of himself and a class of persons who worked at or reported to one of Defendant's Facilities and were terminated without cause on or about August 5, 2009, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendant on or about August 5, 2009, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "Class").

23. The persons in the Class identified above ("Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

24. On information and belief, the identity of the members of the class and the recent residence address of each of the Class Members is contained in the books and records of Defendants.

25. On information and belief, the rate of pay and benefits that were being paid by Defendant to each Class Member at the time of his/her termination is contained in the books and records of the Defendant.

26. There are questions of law and fact common to the Class Members that predominate over any questions affecting individual members.

27. The claims of the Plaintiff are typical of the claims of the Class.

28. The Plaintiff will fairly and adequately protect the interests of the Class.

29. The Plaintiff has retained counsel competent, experienced in complex class action employment litigation.

30. A class action is superior to other available methods for the fair and efficient adjudication of this controversy – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

31. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will avoid multiplicity of suits, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

32. There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

(a) whether the Class Members were employees of the Defendant who worked at or reported to Defendant's Facilities;

(b) whether Defendant terminated the employment of the Class Members without cause on their part and without giving them 60 days advance written notice; and

(c) whether Defendant paid the Class members 60 days wages and benefits as required by the WARN Act.

## CLAIM FOR RELIEF

33. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

34. At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

35. At all relevant times, each Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a).

36. At all relevant times, Plaintiff and the other similarly situated former employees were employees of Defendant as that term is defined by 29 U.S.C. §2101.

37. On or about August 5, 2009, Defendant ordered mass layoffs and/or plant closings at the Facilities, as that term is defined by 29 U.S.C. § 2101(a)(2).

38. The mass layoffs and/or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees as well as 33% of Defendant's workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

39. The Plaintiff and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendant at the Facilities.

40. The Plaintiff and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 2101(a)(5).

41. Defendant was required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

42. Defendant failed to give the Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

43. The Plaintiff is, and each of the Class Members are, "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

44. Defendant failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendants, jointly and severally:

A. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and 29 U.S.C. § 2104(a)(5), Plaintiff and the other similarly situated former employees constitute a single class;

B. Designation of the Plaintiff as Class Representative;

C. Appointment of the undersigned attorneys as Class Counsel;

    D.    A judgment in favor of the Plaintiff and each of the "affected employees" equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104(a)(1)(4).

    E.    Interest as allowed by law on the amounts owed under the preceding paragraph;

    F.    Plaintiff's reasonable attorneys' fees and the costs and disbursements that the Plaintiff incurred in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6); and

    G.    Such other and further relief as this Court may deem just and proper.

Dated: August 10, 2009

Respectfully submitted,

By: _____
Roger J. Haughey, II, Esq.
rhaughey@sbwlegal.com
Florida Bar No. 0123617
Melissa A. Givens
mgivens@sbwlegal.com
Florida Bar No. 37807
Sivyer Barlow & Watson, P.A.
401 E. Jackson Street, Suite 2225
Tampa, Florida 33602
Telephone: (813) 221-4242
Facsimile: (813) 227-8598

-AND-

Jack A. Raisner
René S. Roupinian
**Outten & Golden LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Email: jar@outtengolden.com
Email: rroupinian@outtengolden.com

*Attorneys for Plaintiff and the putative Class*